UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-6032-FPG-JWF

DECISION AND ORDER

JOSEPH W. PEEPLES, III,

                Defendant.

## INTRODUCTION

On January 6, 2017, the United States of America filed a Criminal Complaint alleging that Defendant Joseph W. Peeples, III, robbed a bank in violation of 18 U.S.C. § 2113(a). ECF No. 1. On February 23, 2017, the Grand Jury returned an indictment charging Peeples with one count of bank robbery, one count of entering a bank with intent to commit larceny, and one count of bank larceny in violation of 18 U.S.C. §§ 2113(a), (b). ECF No. 7. The next day, the case was referred to United States Magistrate Judge Jonathan W. Feldman for pre-trial matters and dispositive motions. ECF No. 8.

On March 30, 2017, Peeples moved to suppress evidence obtained from his hotel room after his warrantless arrest and statements after his arrest, and he moved to dismiss the criminal complaint and the arrest warrant based on a number of alleged violations of the Federal Rules of Criminal Procedure. ECF Nos. 14, 48. Judge Feldman then held a suppression hearing and issued a report and recommendation ("R&R"), ECF No. 48, to which Peeples objected, ECF No. 51. Then, on January 22, 2018, the Court issued a Decision and Order adopting Judge Feldman's R&R and denying Peeples's motions. ECF No. 59.

1

On February 5, 2018, Peeples filed a motion to dismiss the indictment, which is currently before the Court. ECF No. 66. For the reasons that follow, Peeples's motion is DENIED.

## BACKGROUND

On January 5, 2017, at approximately 8:25 a.m., a male suspect robbed the Chase Bank located at 1 South Clinton Avenue in Rochester, New York. ECF No. 1, ¶ 3. After a series of events, including travel via taxi and bus, Defendant Joseph W. Peeples, III, was identified as a suspect in the robbery and arrested, without a warrant, in Binghamton, New York, at approximately 9:00 p.m. ECF No. 59 at 2-4; ECF No. 48 at 18.

Peeples was transferred from Binghamton to Rochester the following day, January 6, 2017. ECF No. 48 at 18-19. The FBI retrieved Peeples from the Binghamton Police Department at approximately 10:00 a.m. and arrived in Rochester at approximately 12:30 p.m. ECF No. 66 at 8. Peeples was then transported to the federal building in Rochester at 1:56 p.m.

The arrest warrant for Peeples was returned at 3:29 p.m. the same day. ECF No. 4. Peeples's initial appearance before Judge Feldman began shortly thereafter, at 3:50 p.m. ECF No. 48 at 19, 22.

The Complaint was filed on January 6, 2017, but contains no time stamp to indicate when it was signed. ECF No. 1. The first page of the Complaint is signed by both Judge Feldman and FBI Special Agent Seth Fleitman, but the attached affidavit is signed only by agent Fleitman. *Id.*

## DISCUSSION

Peeples makes a variety of arguments[1] in support of his motion to dismiss the indictment. The Court will address each below.

### I. Probable Cause Hearing

---

[1] Peeples claims that his "illegal transfer" to the Western District of New York resulted in violations of 18 U.S.C. §§ 1506, 2071, and 2076. ECF No. 66 at 1. Because the Court does not investigate the commission of alleged crimes, it declines to address Peeples's arguments based on these statutes.

2

Peeples argues that he was improperly denied a probable cause hearing under *Gerstein v. Pugh*, 420 U.S. 103, 105 (1975), as a result of his allegedly illegal transfer. ECF No. 66 at 4. Under *Gerstein* and *County of Riverside v. McLaughlin*, 500 U.S. 44, 47 (1991), courts are generally required to provide a judicial determination of probable cause within 48 hours of a warrantless arrest. *Bryant v. City of New York*, 404 F.3d 128, 137 (2d Cir. 2005). Even if the 48-hour requirement is met, however, delays for the purpose of gathering additional evidence, motivated by ill will against the defendant, or for delay's sake are unreasonable. *Id.* (quoting *McLaughlin*, 500 U.S. at 56-57). Courts can consider unavoidable delays including transportation, late-night arrests, and "other practical realities" in determining reasonableness of the delay. *Id.* at 137-38 (quoting *McLaughlin*, 500 U.S. at 56-57).

Here, even with the practical reality of Peeples's arrest at 9:00 p.m. in Binghamton, Judge Feldman reviewed and signed the Government's criminal complaint and arrest warrant, and held Peeples's initial appearance all before 24 hours passed. Accordingly, the Court finds that the requirements of *Gerstein* and *McLaughlin* were met, and the motion to dismiss the indictment based on a violation of the requirements is denied.

## II. Illegal Transfer

Peeples next argues that he was "illegally transferred" from Binghamton to Rochester after his arrest. ECF No. 66 at 2. In support, he claims that "a legal transfer of a prisoner arrested without a warrant in a 'distant district' can only occur in conjunction with 18 U.S.C. [§] 3049 and [Federal Rule of Criminal Procedure] 5 [(c)(3)(B).]" *Id.* Peeples combines three unrelated sources of legal principles, none of which demonstrate that there was an illegal transfer.

The term "distant district" refers to the manufactured venue doctrine, which is designed to prevent government agents from luring defendants to preferred jurisdictions for prosecution. *E.g.*,

*United States v. Rutigliano*, 790 F.3d 389, 398-99 (2d Cir. 2015); *United States v. Myers*, 692 F.2d 823, 847 n.21 (2d Cir. 1982). Here, the Government is prosecuting Peeples in the district where he committed the offense, as required. Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). Accordingly, any motion based on the manufactured venue doctrine is denied.

Additionally, Fed. R. Crim. P. 5(c)(3)(B) does not apply in this case. Rule 5(c)(3)(B) applies where "the initial appearance occurs in a district *other* than where the offense was allegedly committed . . . ." (emphasis added). Here, the initial appearance occurred where the offense was allegedly committed: in Rochester.

The applicable subsection is Rule 5(c)(2)(B). This subsection mandates that if a defendant is arrested in a district other than where the offense was allegedly committed, as is the case here, the initial appearance must either be in the district of arrest or an adjacent district if one of two conditions is met. As the Court stated in its previous Decision and Order, whether the Government violated this subsection is irrelevant. ECF No. 59 at 8. The remedy for a Rule 5 violation is not dismissal of the indictment. *United States v. Bibb*, 194 F. App'x 619, 623 (11th Cir. 2006) (citing *United States v. Purvis*, 768 F.2d 1237, 1238-39 (11th Cir. 1985)); *see also United States v. Perez-Torribio*, 987 F. Supp. 245, 247 (S.D.N.Y. 1997) (citing *Brown v. Doe*, 2 F.3d 1236, 1243 (2d Cir. 1993)). Accordingly, Peeples's motion to dismiss the indictment for a violation of Rule 5 is denied.

Finally, it is unclear whether there was a procedural violation when Peeples was transported from Binghamton to Rochester. Based upon the facts before the Court, Peeples was arrested at 9:00 p.m. on January 5, 2017, and his arrest warrant was not retuned until 3:29 p.m. the next day. Peeples contends that his transfer violated 18 U.SC. § 3049 because a warrant was not

4

provided to the authorities holding him in Binghamton. Based upon the Court's review of the few cases citing Section 3049, it does not appear that it supports Peeples's motion to dismiss the indictment. *See, e.g.*, *United States v. Cordes*, Criminal No. 96–50001–001, 2009 WL 4730692, at *3 (W.D. Ark. Dec. 4, 2009) (construing a motion for release for an alleged violation of Section 3049 as a collateral attack on petitioner's conviction and/or sentence); *United States v. Handschu*, No. Crim. A. 96–27–JJF, 2001 WL 641078, at *6 n.2 (D. Del. June 1, 2001) (explaining that the government could have sought an arrest warrant for the defendant even if he was arrested in another district).

What is clear, however, is that probable cause supported Peeples's arrest and detention, and any procedural violation does not entitle Peeples to dismissal of the indictment. FBI Special Agent John Bokal, Jr., arrested Peeples without a warrant and based on probable cause, which he is empowered to do. ECF No. 1 at 22; 18 U.S.C. § 3052 ("[A]gents of the [FBI] . . . may . . . make arrests without warrant . . . for any felony . . . they have reasonable grounds to believe that the person to be arrested has committed . . . ."). As the Court explained above, a judicial determination of the probable cause supporting Peeples's arrest and continued detention was properly made within 24 hours of his arrest. So, even if there was a violation of Peeples's rights, he is not entitled to dismissal of the indictment. *See United States v. Umeh*, 762 F. Supp. 2d 658, 661-662 (S.D.N.Y. 2011) ("[W]hile police brutality or other misconduct may lead to suppression of a defendant's statements or other evidence garnered thereby, it does not lead to the dismissal of the indictment.") (citing *United States v. Crews*, 445 U.S. 463, 474 (1980)); *see generally United States v. Cournoyer*, No. 12–CR–65, 2012 WL 6539659, at *3 (E.D.N.Y. Dec. 14, 2012). Accordingly, Peeples's motion to dismiss the indictment based upon an "illegal transfer" is denied.

**III. Other Arguments**

Peeples also argues that Special Agent Fleitman appears on Peeples's arrest warrant illegally in violation of Fed. R. Crim. P. 4(b)(1)(D). As the Court addressed in its previous Decision and Order, however, Judge Feldman signed the arrest warrant as is required by Rule 4. ECF No. 59 at 9-10. Accordingly, the motion to dismiss the indictment based on this argument is denied.

Lastly, Peeples repeats his previous argument that there is no probable cause to support his arrest and detention because Judge Feldman did not sign the affidavit in support of the criminal complaint. ECF No. 66 at 4-5; ECF No. 59 at 8-9. As the Court stated in its previous decision,

> [t]he purpose of Rule 3, and the criminal complaint, is to ensure that a defendant's arrest or continued detainment is supported by probable cause. *See Gaither v. United States*, 413 F.2d 1061, 1075-76 (D.C. Cir. 1969). That purpose is not accomplished by requiring a signature on an affidavit attached to a criminal complaint; it is accomplished by ensuring that the criminal complaint was made under oath before a magistrate judge, as Rule 3 requires. *See PNC Securities Corp. v. Finanz-Und GmbH-Liedgens*, No. 95-5258, 1996 WL 665574, at *5 (6th Cir. Nov. 14, 1996) (explaining that a signature is not required on the jurat where there is other evidence that the affidavit was properly sworn); *State v. Davies*, No. 2012–A–0034, 2013 WL 501626, at *4 (Ohio Feb. 8, 2013) (same, in the context of a criminal complaint).
>
> Here, there is other evidence that demonstrates that the affidavit was properly sworn. While Judge Feldman did not sign the affidavit attached to the first page of the criminal complaint, he did sign the first page. ECF No. 1. Moreover, the first page of the complaint explains that the complaint is based on facts continued on the attached affidavit. *Id.* Immediately below that language is the jurat, showing that the complaint was sworn to before Judge Feldman and signed in his presence. Peeples does not offer a sufficient argument to explain why that jurat should not apply to the whole complaint.

ECF No. 59 at 8-9. Peeples provides no new argument or evidence to persuade the Court to abandon its previous reasoning. Accordingly, the motion to dismiss the indictment based upon an alleged violation of Rule 3 is denied.

## CONCLUSION

For the foregoing reasons, Defendant Joseph W. Peeples, III,'s motion to dismiss the indictment, ECF No. 66, is DENIED.

IT IS SO ORDERED.

Dated: February 25, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court