UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                Case # 17-CR-6032-FPG

v.

                                                DECISION AND ORDER

JOSEPH W. PEEPLES, III,

                    Defendant.
_____

On February 23, 2017, Defendant Joseph W. Peeples, III was indicted on three counts of bank robbery, entering a bank with intent to commit a larceny, and bank larceny. ECF No. 7. Defendant proceeded to trial, and a jury found him guilty on all counts. ECF No. 88. On July 27, 2018, the Court sentenced Defendant, ECF No. 105, and judgment was entered on August 1, 2018. ECF No. 106. Defendant appealed, and the Second Circuit affirmed his conviction in a decision dated June 22, 2020. ECF No 136.

On September 27, 2021, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 155. Currently pending before the Court is Defendant's motion for recusal. ECF No. 157. For the reasons explained below, Defendant's motion for recusal is DENIED.

Under 28 U.S.C. § 455, a judge must recuse himself "in any proceeding in which his partiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, a judge must recuse himself if he has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

"A party must bring a disqualification motion 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *United States v. Brinkworth*, 68 F.3d 633, 639 (2d Cir. 1995) (quoting *Apple v. Jewish Hosp.*, 829 F.2d 326, 333 (2d Cir. 1987)). Defendant did not do so here. Thus, to decide whether his § 455 motion is timely, the Court applies a four-factor test which asks whether: "(1) the movant has participated in a

1

substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Id.*

Here, Defendant's motion for recusal is untimely. Defendant represented himself at trial, over which the undersigned presided, Defendant's motion was made after entry of judgment, and Defendant has not demonstrated good cause for delay. Defendant has not articulated why he could not or did not raise these arguments earlier.

Even if it were timely, Defendant's motion for recusal has no merit. Without providing specific arguments or evidence, Defendant insinuates that the undersigned is in collusion with other judges to "get around" the law, in some vast conspiracy to subvert his legal rights.[1] There is no truth to these unfounded allegations and the Court declines to countenance them further.

For the foregoing reasons, Defendant's motion for recusal, ECF No. 157, is DENIED.

IT IS SO ORDERED.

Dated: October 26, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] Defendant also asks "How come the Clerk or you keep putting 'Terminated' by my name unexplainably? . . . Are these threats that I will be terminated for my pursuit of equal application of the written rule of laws?" ECF No. 157 at 2. "Terminated" on a docket simply indicates that judgment has been entered with respect to that defendant, thereby terminating the case.